**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA

        v.   No. 97-M-427

JAVED IKBAL,
                Defendant.

---

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| HON. GLENN T. SUDDABY<br>United States Attorney for the Northern<br>   District of New York<br>Room 218<br>James T. Foley U.S. Courthouse<br>Albany, New York 12207 | GRANT C. JAQUITH, ESQ.<br>Assistant United States Attorney |
| JEFFREY B. RUBIN, ESQ.<br>Attorney for Defendant<br>One Center Plaza<br>Boston, Massachusetts 02108 | |
| BRENNAN & WHITE, LLP<br>Attorney for Defendant<br>163 Haviland Road<br>Queensbury, New York 12804 | DANIEL J. STEWART, ESQ. |

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## MEMORANDUM-DECISION AND ORDER

On September 23, 1997, defendant Javed Ikbal ("Ikbal") arrived from Canada at the Port of Entry at Champlain, New York and applied for admission to the United States. Ikbal asserted entitlement to enter as a United States citizen and offered a proof of citizenship a Wisconsin birth certificate in the name of Timothy Lee Lynn. Investigation at the port established that Ikbal was not Lynn, Ikbal was in fact a native and citizen of Bangladesh,

and Ikbal had been residing illegally in the United States since at least 1993. Without counsel, Ikbal pleaded guilty that day before United States Magistrate Judge Henry Van Acker at Rouses Point, New York to a complaint alleging a violation of 18 U.S.C. § 1028(a)(4), a class A misdemeanor, and was sentenced principally to a fine of $250. Ikbal's subsequent application for asylum in the United States was granted as was his application for withholding of removal. Ikbal now moves to seal the record of this case "due to Defendant's concern that disclosure of said conviction could adversely affect his career opportunities and . . . his application for United States citizenship." Def. Mem. in Support (Docket No. 10) at 4.

The record of Ikbal's conviction and sentence is mandated to be maintained as a public record. See 28 U.S.C. § 534; Fed. R. Crim. P. 32(k), 55. Ikbal bears a heavy burden to demonstrate a basis for the relief requested here, particularly where his case resulted in a conviction which was never vacated and where the record has been open to the public now for over eight years. Ikbal cites no federal case in support of his motion. See Def. Mem. in Support at 5-6. Rather, Ikbal contends that sealing should be ordered because "the Immigration Court's subsequent allowance of Defendant's Application for Asylum and Withholding of Deportation . . . in essence[] vitiated Defendant's . . . conviction . . . ." Id. at 7. This contention is frivolous. First, an immigration court cannot "vitiate" a judgment of a district court. Second, Ikbal's conviction and the subsequent orders of the immigration court are not necessarily inconsistent because the issues in the separate proceedings, the standards and burdens of proof, and even the parties are different. Finally, unless and until Ikbal successfully obtains vacatur of his conviction and sentence, the conviction and sentence remain viable.

The record of this case stands as a public record and the Second Circuit has cautioned that such a record should be sealed, if at all, only in the most compelling circumstances.  See <u>United States v. Graham</u>, 257 F.3d 143, 149 (2d Cir. 2001).  No such circumstances have been demonstrated here which would overcome the strong presumption against sealing otherwise public records.  Accordingly, it is hereby

**ORDERED** that Ikbal's motion to seal the record of his conviction and sentence (Docket No. 10) is **DENIED**.

**IT IS SO ORDERED.**

DATED: February 8, 2006
        Albany, New York

*David R. Homer*
United States Magistrate Judge